UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 25-cr-69-1 (RCL) |
| | : | |
| ERLEND OLSON, | : | |
| | : | |
| Defendant. | : | |

DEFENDANT OLSON'S RESPONSE TO MOTION OF DEFENDANT
GALLAGHER FOR A PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF CIPA

Defendant Erlend Olson, through counsel, respectfully responds as follows to the motion filed by Defendant Gallagher for a pretrial conference pursuant to Section 2 of the Classified Information Procedure Act ("CIPA"), 18a U.S.C. § 2 (Gallagher Motion is at ECF Doc. No. 93).

Section 2 of CIPA provides:

> At any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution. Following such motion, or on its own motion, the court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by section 5 of this Act, and the initiation of the procedure established by section 6 of this Act. In addition, at the pretrial conference the court may consider any matters which relate to classified information or which may promote a fair and expeditious trial. No admission made by the defendant or by any attorney for the defendant at such a conference may be used against the defendant unless the admission is in writing and is signed by the defendant and by the attorney for the defendant.

Mr. Gallagher and the government are in agreement about the need for a § 2 hearing. We agree as well. Our knowledge thus far of the underlying facts suggests that classified information may well play a substantial role in the litigation of this case, even if the government does not plan to use it.

We further agree with Mr. Diamondstein, Mr. Gallagher's counsel, that setting a new hearing date, in addition to the existing status hearing date of March 18, 2026, would be

advisable.  From Mr. Olson's point of view, aside from the normal nuts-and-bolts of defense investigation, pretrial motions and other trial preparation in any document-heavy, multi-count, multi-defendant criminal case, particularly one involving classified material, this case contains a number of particular elements about which we should apprise the Court:

    A.    <u>Documents</u>

The government has devoted substantial resources and effort to producing relevant documents in discovery, pursuant to Fed.R.Crim.P. 16(a)(1)(E), already having produced more than a million documents to the defense.  However, from the perspective of undersigned counsel, we are closer to the beginning of this process than the end.  This is because of the availability and relevance of unusually voluminous documents from a number of disparate sources.  The first such source is documents that have been in the possession of a receiver, who was appointed by the Honorable P. Kevin Castel, United States District Judge, Southern District of New York, by Order entered on October 29, 2021 (Exhibit 1).  The Receiver was appointed in a civil case directly related to this one, FCS Advisors, LLC. *et al.* v. Theia Group, Inc., *et al.,* Case Number 1:21-cv-06995-PKC.  The docket in that case includes 542 entries.  We are unclear at this moment concerning the volume of documents accumulated by the Receiver in that case, but it appears to be enormous.  We also are unsure whether the government prosecutors, or their "filter team," have them all.  Further, a number of these documents may include issues relating to Mr. Olson's or others' attorney-client privilege, including a privilege that may be held by the Receiver and one of more of the Theia investors.  The government's filter team has reviewed a large volume of documents in the instant case, but we are unsure where its review stands of documents that are or were in the Receiver's possession.  We understand that some of the documents reviewed by the filter team may be corrupted.

In addition, the government advises that it is in possession of documents seized from a Yahoo email account that was owned by Mr. Olson. According to my notes, this consists of 18,675 documents. The government's view, if I understand correctly, is that each of these documents needs to be reviewed by hand, one by one, to see if Mr. Olson will assert a privilege concerning it.

Further, the government evidently is in possession of approximately sixteen electronic devices that are owned by Mr. Olson, containing a vast quantity of data, all of which may need to be reviewed for potentially privileged materials.[1]

We likely will need help reviewing the extraordinary volume of documents in this case. I will approach the Court about this in a separate *ex parte* submission.

B.     Mr. Olson's Detention

Mr. Olson has been detained without bond in this case since approximately mid-March, 2025, first on an Order issued by the United States of New Mexico, which then was confirmed by this Court. As we will describe in a separate motion, which we will seek to file under seal since it relates to Mr. Olson's confidential medical information, Mr. Olson has a number of steadily worsening medical conditions. Given the above-referenced volume of documents, and the need for pretrial CIPA and privilege-related litigation which likely will be protracted, it is hard for me to imagine that trial could occur anytime before late 2027, if then. This could mean years of pretrial detention for Mr. Olson, who is not a young man. We will describe these circumstances in more detail in a separate motion, but reference them here only to apprise the Court that there will be a number of issues the Court may wish to address in the near term, even

---

[1] Mr. Gallagher referenced filter team-related issues in the reply memorandum he filed on February 17, 2026, in support of his instant motion for a CIPA hearing (ECF Doc. Number 95).

preliminarily, which would warrant a hearing date in addition to the currently scheduled status hearing date of March 18, 2026.

We would have no objection to the government or any other party responding to this submission before the Court considers the merits of Mr. Gallagher's pending motion for a CIPA hearing date.

                                                Respectfully submitted,

                                                /s/ Barry Coburn

                                                Barry Coburn Bar No. 358020
                                                Coburn & Eisenstein PLLC
                                                1200 G Street, NW, Suite 800
                                                Washington, DC  20005
                                                Telephone:  (202) 643-9472
                                                barry@coburngreenbaum.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response will be served upon all counsel of record via the Court's ECF system, this second day of March, 2026.

/s/ Barry Coburn

Barry Coburn