**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal No. 25-cr-69-RCL** |
| | : | |
| **ERLEND OLSON,** | : | |
| **JOHN GALLAGHER,** | : | |
| **STEPHEN BUSCHER,** | : | |
| **and** | : | |
| **JAMIL SWATI,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S NOTICE OF RETURN OF DIGITAL EVIDENCE

In or around January 2026, the government located approximately 23 terabytes (TB) of unfiltered,[1] unreviewed data that is contained on forensic images of 42 digital devices that law enforcement officers had obtained in June 2021, pursuant to search warrants, at the New Mexico residence of defendant Erlend Olson ("defendant Olson") and the Washington D.C. headquarters of Theia Group, Inc. ("Theia"). In accordance with legal precedent, rather than search the data, filter the data, and/or produce it in discovery, the government respectfully submits this Notice to inform the Court that it returned defendant Olson's digital evidence on April 2, 2026, and has notified Theia's counsel that it will imminently return Theia's digital evidence and remove all the data from government data systems.[2] Copies of the letters sent to counsel for defendant Olson and counsel for Brevet Capital/LTS (Brevet), which holds Theia's receivership, are attached to this Notice as Exhibits 1 and 2.

---

[1] By "unfiltered," the government means that this material has not been through a process to identify and segregate potentially privileged materials.

[2] The government is waiting for a response from Theia's counsel as to how Theia would like the government to return the digital evidence; the government has offered to deliver the hard drives in person at a mutually agreeable date and time.

## STATEMENT OF FACTS

On June 30, 2021, the government executed near-simultaneous search warrants at defendant Olson's residence in Albuquerque, New Mexico (case no. 21-mr-860), and at Theia's headquarters in Washington D.C. (case no. 21-sw-185). Pursuant to the warrants, law enforcement officers forensically imaged 16 digital devices from Olson's residence (*see* Exhibit 1, Attachment A) and 26 digital devices from Theia's headquarters (*see* Exhibit 2, Attachment A). Close in time to when the warrants were executed, most of the physical devices were returned to the owners, Olson and Theia, respectively.[3] The forensic images were stored by IRS-Criminal Investigation in accordance with its protocols, but, as explained below, these images were never reviewed or scoped in accordance with the warrants.

The search warrants permitted the seizure and copying of digital devices, including cellular telephones and computers, and the review of such devices for fruits, evidence, information, contraband or instrumentalities, in whatever form and however stored, relating to violations of 26 U.S.C. §§ 7201 (attempt to evade or defeat tax) and 7203 (willful failure to file return, supply information, or pay tax); 18 U.S.C. §§ 371 (conspiracy) and 1343 (wire fraud); and 31 U.S.C. § 5324 (structuring transactions to evade reporting requirement), as described in the search warrant affidavit for the time period of January 1, 2015, through June 2021. The warrants did not specify any time frame during which this review and seizure must take place. Moreover, pursuant to Federal Rule of Criminal Procedure 41(e)(2)(B), each warrant

---

[3] A number of the devices found at Theia's headquarters required imaging offsite. During the process of determining how best to address the entire 23 TB of data, the government discovered that these devices were not returned to Theia in 2021. Accordingly, these devices, along with any forensic images of devices found at Theia's headquarters, will be returned to Brevet imminently.

"authorize[d] a later review of the media or information consistent with the warrant," Fed.R.Crim.P. 41(e)(2)(B). At the same time, based upon the nature of the investigation, the other evidence available to the government, and the passage of time, the government has determined not to review or use any of the unreviewed data in its case.

Several months after the search warrants were executed, on October 29, 2021, Theia was placed into receivership, and the government started issuing grand jury subpoenas for records to Theia's receiver. The receiver provided tens of thousands of responsive documents, subject to a Clawback Agreement. Much of the data from the receiver obviated the need for evidence that may exist on the forensic images seized pursuant to the search warrants. Thousands of other records—including search warrant returns from internet service providers and responses to hundreds of grand jury subpoenas—were also higher priority for review than the forensic images. Therefore, with two notable exceptions,[4] the digital search warrant data remained stored at IRS-Criminal Investigation, unprocessed, unfiltered, and unreviewed due to the sheer volume of evidence in this case coupled with resource priorities. This unprocessed, unfiltered, and unreviewed material is the subject of this Notice.

## DISCUSSION

"*Brady* does not extend to information that is not within the government's possession or information that the government is not aware of." *United States v. Flynn*, 411 F. Supp. 3d 15, 32 (D.D.C. 2019) (citing *United States v. Pollack*, 534 F.2d 964, 975 (D.C. Cir. 1976); then citing

---

[4] The two exceptions are two cell phones (Apple iPhone 12 and Samsung Galaxy Note 10+) (item nos. 1 and 2 on Attachment A to Exhibit 1) that belong to defendant Olson. In accordance with the privilege protocol (ECF No. 63), the filter team has produced data from the forensic images of these devices to the defendants only; this material has not been produced to

*United States v. Turner*, 104 F.3d 217, 220 (8th Cir. 1997)). With respect to data obtained pursuant to a criminal search warrant, the government is only in possession of information that falls within the scope of a search warrant. *See United States v. Balwani*, No. 5:18-CR-00258-EJD-2, 2022 WL 1405404, *1 (N.D. Cal. May 4, 2022); *United States v. Collins*, 409 F.Supp.3d 228, 243 (S.D.N.Y. 2019). Because the unreviewed material arguably has not been searched in accordance with Attachment B to each search warrant, this material is not within the government's lawful possession, custody, or control. Therefore, the data must be returned to its owners, and the government must remove all copies from government data systems.

Two cases from the Northern District of California and the Southern District of New York are illustrative here. First, in the *Theranos* case, the government executed a search warrant at the targets' place of business and seized 16 devices with approximately 21 terabytes of data. *Balwani*, 2022 WL 1405404 at *1. Pursuant to an Attachment B review of the 21 terabytes for materials authorized for seizure, the government seized about 800 gigabytes of data [the "identified data"] and did not seize the remaining 20.2 terabytes [the "remaining data"]. The defendant sought an order from the court that the government search the 20.2 terabytes for materials required to be produced under *Brady*, *Giglio*, Rule 16 and Jencks. *Id*. The court reasoned, "Production of Brady material, however, presupposes that the Government is in lawful possession, custody, or control of that material in the first instance." *Id*. at *4. The court denied the defendant's motion, concluding that the government did not have lawful possession, custody, or control of the "remaining data." *Id*. at *5, 6.

Second, in the *Collins* case, the defense sought a court order forcing the government to

---

the government's investigative team.

review the non-responsive portions of search warrant material for *Brady*. *Collins*, 409 F.Supp.3d at 243. The court rejected that request. The court reasoned that "the Government's possession of and ability to review Individual-5's iCloud data is necessarily circumscribed by the Fourth Amendment." *Id*. at 244. "The Government—having conducted a search of Individual-5's iCloud data consistent with the Fourth Amendment and a search warrant—does not have the legal authority to go back and search materials that are non-responsive, i.e., outside the scope of the search warrant." *Id*.

Here, the warrants no longer authorize any search of the digital device images, making all the data "outside the scope of the search warrant," *id.,* due to the length of time that has passed since the warrants were executed. Further, data that is outside the scope of the warrant is also outside of the government's lawful possession, custody, or control. Therefore, the government will immediately return the digital evidence to its owners and remove all copies from government data systems to ensure that no member of the government's investigative team can view this data in the future.

**CONCLUSION**

The government will complete the return of digital data to its owners, defendant Olson and Theia, and remove all copies from government data systems.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:             */s/ Rebecca G. Ross*
                  Rebecca G. Ross
                  N.Y. Bar No. 5590666
                  Jolie F. Zimmerman
                  D.C. Bar No. 465110
                  Assistant United States Attorneys
                  U.S. Attorney's Office
                  601 D St NW
                  Washington, D.C. 20530
                  Rebecca.Ross2@usdoj.gov

By:             */s/ Alexis S. Hughes*
                  Alexis S. Hughes
                  D.C. Bar No. 90017487
                  Department of Justice Criminal Division
                  alexis.hughes@usdoj.gov