# EXHIBIT A

April 16, 2026 Emergency Preservation Demand Letter (W. Ellerman)

*United States v. Buscher et al., No. 1:25-cr-00069 (D.D.C.)*

**ELLERMAN ENZINNA LEVY** PLLC

**1050 30th Street, NW**
**Washington, DC 20007**
**202.753.5553 (O)**
**202.415.1543 (C)**
**www.eellaw.com**

**Whitney C. Ellerman**
**Attorney at Law**
**wellerman@eellaw.com**

April 16, 2026

VIA EMAIL

AUSA Rebecca G. Ross
AUSA Alexis S. Hughes
AUSA Jolie F. Zimmerman
AUSA Colleen McCarthy
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, D.C. 20530

**Re:    United States v. Buscher et al., No. 1:25-cr-00069 (D.D.C.) — Emergency Demand to Preserve Digital Evidence**

Dear Counsel:

This letter constitutes an emergency demand that the Government immediately preserve all digital evidence referenced in its Notice of Return of Digital Evidence, ECF No. 110 (Apr. 15, 2026), and take all steps necessary to prevent the destruction, alteration, or deletion of any of those materials pending resolution of the defendants' rights with respect to that evidence.

## I.    BACKGROUND

On June 30, 2021, law enforcement executed search warrants at co-defendant Olson's Albuquerque, New Mexico residence and at Theia Group's Washington, D.C. headquarters, forensically imaging 42 digital devices and retaining approximately 23 terabytes in IRS Criminal Investigation custody. ECF No. 110 at 1-2. Those materials remained in the Government's continuous physical possession for nearly five years, through the return of the Indictment on March 13, 2025, arraignment, and active pretrial practice in this case.



At the January 8, 2026 status conference, the Government represented to the Court that it would produce approximately 7.5 terabytes of materials as part of its discovery compliance. At the March 18, 2026 status conference, the Government represented that it would produce the 7.5 terabytes without reviewing them for relevance or exculpatory content. The 7.5 terabytes have not been produced to the defense.  Instead, according to the Government's Notice, it has already returned Olson's devices to his counsel, and it will "imminently return Theia's digital evidence and remove all the data from the government data systems," all without court authorization and without sufficient notice to any defendant to object. ECF No. 110 at 1.

## II.    THE GOVERNMENT'S LEGAL THEORY DOES NOT EXTINGUISH ITS BRADY OBLIGATIONS, AND THE MATERIALITY OF THE OLSON AND THEIA MATERIALS IS NOT SPECULATIVE

The Government cannot satisfy its Brady obligations by simply returning the devices --  the Brady obligation is determined by possession, not by review. The Government obtained forensic images of 42 devices pursuant to valid search warrants in June 2021 and retained them in IRS Criminal Investigation custody through the entirety of this prosecution. The constitutional obligation attached at the moment of seizure, not at the moment the Government elected to examine what it held.

The Supreme Court held in *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), that "[t]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." A duty to learn of favorable evidence held by others acting on the government's behalf cannot coexist with a claimed right to ignore potentially favorable evidence already in the government's own physical custody. A prosecutor cannot claim ignorance of evidence by declining to examine files the Government itself holds. It is well established in this district that Brady extends to evidence the Government knows or could know through due diligence. That standard does not accommodate five years of deliberate non-review followed by a decision to return the materials thirteen months after Indictment — after twice representing to the court that they would be produced.

The materiality of the Olson and Theia materials is not speculative. I and other defense counsel have raised with the Government the question of productions from the Olson devices and TGI servers on several occassions.  The Government cannot discharge its Brady obligation as to the 7.5 terabytes by returning them unreviewed when the record already establishes that the devices may contain corroboration of exculpatory material that multiple defendants have independently raised and pursued.

So that I know whether to seek emergency relief from the court, please let me know by COB on Friday, April 17, 2026 whether the Government agrees to:

> 1.    Immediate Halt of Further Returns. The Government will immediately halt the imminent return of Theia's 26 devices and all associated forensic images pending court authorization or agreement among all parties.



2.      Preservation of All Copies. The Government will preserve, and will continue to preserve, all forensic images of Theia's 26 devices and all copies on Government data systems in their current state, pending resolution of the defendants' rights.

3.      Preservation of Olson Materials. With respect to the 16 devices already returned on April 2, 2026: the Government will confirm whether it retained any copy. If it did, it will preserve all copies.

Thank you for your attention to this matter.

Respectfully,

# EXHIBIT B

Email Thread: Defense Preservation Correspondence (April 16–17, 2026)

*United States v. Buscher et al., No. 1:25-cr-00069 (D.D.C.)*



**From:** "Hughes, Alexis (CRM)" <Alexis.Hughes@usdoj.gov>
**Date:** April 17, 2026 at 12:23:58 PM EDT
**To:** Whitney Ellerman <wellerman@eellaw.com>, Barry Coburn <barry@coburngreenbaum.com>, Max Nicholas <maxn@maxnicholasllc.com>, Joanie Gallagher <joanie@gallagher-law.com>, Stephen Patrizio <spatrizio@lawpatrizio.com>, Michael Diamondstein <mjd@michaeldiamondstein.com>
**Cc:** "Zimmerman, Jolie (USADC)" <Jolie.Zimmerman@usdoj.gov>, "Ranney, Sarah (USADC)" <Sarah.Ranney@usdoj.gov>, "Ross, Rebecca (USADC)" <REBECCA.ROSS2@usdoj.gov>
**Subject: RE: The Government's Notice filed Today.**

Defense Counsel—

We understand you will be filing a Motion shortly, so we agree to a short delay of our plan to return Theia's property to Theia's receiver. Regarding defendant Olson's property, which we have already returned to Mr. Coburn, we still have our copy, and Mr. Coburn has affirmed that he will not destroy his copy.

All that said, it remains our position that we are not in lawful possession, custody, or control of this data and we do need to remove all copies from government systems in short order.

We hope this alleviates your immediate concerns.

Best,

**Alexis S. Hughes**

Trial Attorney, Tax Section

U.S. Department of Justice, Criminal Division

(202) 805-6087

**From:** Whitney Ellerman <wellerman@eellaw.com>
**Sent:** Thursday, April 16, 2026 2:30 PM
**To:** Hughes, Alexis (CRM) <Alexis.Hughes@usdoj.gov>; Ross, Rebecca (USADC) <REBECCA.ROSS2@usdoj.gov>; Zimmerman, Jolie (USADC) <Jolie.Zimmerman@usdoj.gov>
**Cc:** Barry Coburn <barry@coburngreenbaum.com>; Max Nicholas <maxn@maxnicholasllc.com>; Joanie Gallagher <joanie@gallagher-law.com>; Stephen Patrizio <spatrizio@lawpatrizio.com>; Michael Diamondstein <mjd@michaeldiamondstein.com>
**Subject:** [EXTERNAL] Re: The Government's Notice filed Today.

Rebecca, Alexis and Jolie,

As the attached letter indicates, I second Mr. Diamondstein's request that the government halt the return of the Theia devices and continue to preserve all forensic images from those devices and from the Olson devices.  Please let us know the government's position by COB tomorrow so that we may move for emergency relief if necessary.  Thank you.

Whit

**Whitney C. Ellerman**



ELLERMAN ENZINNA LEVY PLLC

1050 30th Street, NW

Washington, DC 20007

+1 202.753.5553 (o)

+1 202 415 1543 (c)

wellerman@eellaw.com

www.eellaw.com